UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAQIBULLAH NADEEM MOHAMMADULLAH KHAN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | No. 2:25-cv-1522-DC-CKD (PS)<br><br>ORDER |

Plaintiff initiated this action with a complaint filed on June 2, 2025, seeking relief under the Federal Tort Claims Act. (ECF No. 1.) On June 4, 2025, plaintiff filed a motion to seal portions of the complaint and records in this case. (ECF No. 8.) On June 6, 2025, the undersigned denied the motion without prejudice finding it did not follow the procedure of Local Rule 141, failed to identify legal authority supporting the requested sealing, and did not articulate how failing to seal documents and records in this case would result in a substantial probability that a compelling interest would be harmed. (ECF No. 10.) Plaintiff's amended motion to seal is before the court. (ECF No. 12.)

Requests to seal documents in this district are governed by Local Rule 141. Under Local Rule 141, documents may only be sealed by a written order of the court after a specific request to seal has been made which "sets forth the statutory or other authority for sealing ..." Local Rule 141(b).

There is a presumed First Amendment right of access to court proceedings and documents for the press and the public. See Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016). The presumed right of access can be overcome if (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest. Oregonian Publishing Co. v. U.S. District Court for the District of Oregon, 920 F.2d 1462, 1466 (9th Cir. 1990); see also Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006) ("In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978)).

A request to seal material must ordinarily meet the "compelling reasons" threshold of supporting secrecy. Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016). When, however, the material sought to be sealed is at most "tangentially related to the merits of a case," a request to seal may be granted on a showing of "good cause." Id.

Plaintiff asserts the following grounds for sealing: (1) risk of Taliban retaliation to plaintiff or his family and seizure of plaintiff's property in Afghanistan; (2) privacy of plaintiff's minor children; (3) cultural and psychological content that could cause embarrassment; and (4) shielding plaintiff's family from unnecessary distress. (See ECF No. 12 at 1-2.) However, the amended motion fails to identify which specific portions of the 77-page complaint and supporting documents (such as by docket entry and page number) plaintiff seeks to seal, instead broadly referring to, for example, "sensitive sections of the Complaint and supporting documents." (ECF No. 12 at 3.) The amended motion to seal also does not identify any specific statutory or other authority for the requested sealing.

Pursuant to Local Rule 140, when filing documents, parties and the court "shall omit or, where reference is necessary, partially redact" minor's names and all individuals' dates of birth. Local Rule 140(a). Under Rule 5.2 of the Federal Rules of Civil Procedure, unless the court

orders otherwise, a party filing a document with names of minors and any individual's birthdate may include only the minor's initials and the year of birth, except that the record of an administrative or agency proceeding is exempt from the redaction requirement. Fed. R. Civ. P. 5.2(a)-(b).

Here, plaintiff states the complaint or its supporting documents contain names and dates of birth of plaintiff's children, including minors. (ECF No. 12 at 2.) However, the location of any such names and birthdates in the complaint and its supporting documents is not apparent and plaintiff does not identify where these names and dates appear. It is not clear whether they appear in a record of an administrative agency.

The court does not, as a matter of course, review filings for compliance with Local Rule 140 or redact documents to comply with the rule. See Local Rule 140(e). The court will provide plaintiff with an opportunity to file a redacted version of the complaint redacting or partially redacting individual's dates of birth and minor's names only.

Otherwise, the court does not find compelling reasons to justify sealing the complaint and its supporting documents. Broad allegations of embarrassment and emotional distress do not justify sealing. This particular harm is speculative and outweighed by the public's interest in access to litigation records.

Plaintiff states that in 2010 and 2020 he received threats from the Taliban and that Taliban groups previously searched for and located his information online, demonstrated by a screenshot of messages received in 2020 and shared with the U.S. Embassy. (ECF No. 12 at 2.) Protection from retaliation, threatened violence, and loss of property is a compelling interest. See United States v. Morales, No. 2:16-CR-00241-KJM, 2023 WL 6796467, at *1 (E.D. Cal. Oct. 13, 2023) (granting request to seal due to demonstrated threat of retaliation). Based on the information provided, though, the court is unable to articulate a factual basis showing a "substantial probability" that in the absence of sealing, this compelling interest would be harmed. See Kamakana, 447 F.3d at 1182 ("if the court decides to seal certain judicial records, it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture'") (quoting Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995)).

A "particularized showing" that "specific prejudice or harm will result" if the information is disclosed is required. <u>Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1210-11 (9th Cir. 2002); <u>see also</u> Fed. R. Civ. P. 26(c). This is a high burden to meet. Although plaintiff identifies a compelling interest, the allegations in support of sealing are broad allegations of harm, unsubstantiated by specific examples of articulated reasoning, which do not suffice in light of the presumed First Amendment right of access to court proceedings and documents. See <u>Beckman Indus., Inc. v. Int'l Ins. Co.</u>, 966 F.2d 470, 476 (9th Cir. 1992).

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's amended motion to seal (ECF No. 8) is GRANTED in part, only to the extent that within 14 days of the date of this order, plaintiff may optionally re-file the complaint and its supporting documents with redactions or partial redactions made only as to individual's dates of birth and minor's names; no other redactions or other changes may be made.

2. Otherwise, the amended motion to seal is DENIED.

Dated: July 14, 2025

_CAROLYN K. DELANEY_
UNITED STATES MAGISTRATE JUDGE

8, khan1522.seal.den.2