UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAQIBULLAH NADEEM MOHAMMADULLAH KHAN, | No. 2:25-cv-1522-DC-CKD (PS) |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, | |
| Defendants. | |

Plaintiff seeks relief under the Federal Tort Claims Act. (ECF No. 1.) On June 6, 2025, and on July 14, 2025, the undersigned denied plaintiff's motions to seal the complaint, finding in relevant part that plaintiff did not articulate a substantial probability that a compelling interest would be harmed in the absence of sealing. Plaintiff's further renewed motion to seal is before the court. (ECF No. 18.) The court has also reviewed Exhibit A submitted in support of the renewed motion to seal.

Plaintiff's Exhibit A submitted in support of the motion to compel is at most tangentially related to the merits of this case, and the court finds good cause to seal Exhibit A. See Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016). On this point only, the further renewed motion to seal will be granted.

Plaintiff's concerns about the possibility of retaliation, previously threatened violence, and loss of property are compelling interests. However, plaintiff has not made a particularized

1

showing that specific prejudice or harm will result if the complaint is not sealed. See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002); Fed. R. Civ. P. 26(c). The standard is a very difficult standard to meet. Although the court is sympathetic to plaintiff's concerns, plaintiff has not articulated a factual basis showing a substantial probability that his compelling interests would be harmed in the absence of sealing. See Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1182 (9th Cir. 2006). Thus, the further renewed request to seal the complaint does not meet the "compelling reasons" threshold of supporting secrecy. See Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016); Oregonian Publishing Co. v. U.S. District Court for the District of Oregon, 920 F.2d 1462, 1466 (9th Cir. 1990).

Pursuant to the court's July 14, 2025 order (ECF No. 16), plaintiff has re-filed the complaint and its supporting documents with redactions made only as to individual's dates of birth and minor's names. (ECF No. 17.) Accordingly, the unredacted complaint filed on June 2, 2025 (ECF No. 1) will now be sealed.

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiff's renewed motion to seal (ECF No. 18) is GRANTED in PART, only to the extent that Exhibit A to the motion shall be filed under seal; otherwise, the renewed motion to seal (ECF No. 18) is DENIED.

2. Because plaintiff has filed the partially redacted complaint (ECF No. 17) pursuant to the court's July 14, 2025 order, the unredacted complaint filed on June 2, 2025 (ECF No. 1) shall be sealed.

Dated: July 29, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, khan1522.seal.3