UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAQIBULLAH NADEEM MOHAMMADULLAH KHAN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | No.  2:25-cv-1522-DC-CKD (PS)<br><br><br>ORDER |

Plaintiff requests the court appoint counsel for his civil case. (ECF No. 29.) It is "well-established that there is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996). Under "exceptional circumstances," however, a court may appoint counsel for an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1). When determining whether "exceptional circumstances" exist, a court considers the likelihood of success on the merits as well as the ability of the pro se litigant to articulate the claims pro se, in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

The court is sympathetic to the difficulties faced by pro se litigants in litigating their own cases in federal court. Plaintiff states he is unable to obtain counsel and faces challenges including language barriers. However, the court has extremely limited resources to appoint

attorneys in civil cases. Having considered the present request, the court does not find exceptional circumstances warrant the appointment of counsel in this case at this time.

The court separately notes that plaintiff's motion for appointment of counsel indicates that he uses artificial intelligence tools in connection with this case, including for translation purposes. A case cited by plaintiff at page two of the motion, "Cano v. Taylor, No. 2:07-cv-00842, E.D. Cal. (Order Granting Counsel)," does not appear to be a real case.

Plaintiff's use of artificial intelligence tools is not prohibited, but parties and counsel shall not file or otherwise present to the court any materials or argument which contain AI-hallucinated citations to law, or case or legal citations which are fictitious or non-existent. Even a pro se litigant has an obligation to confirm that arguments and case law submitted to the court are supported by existing law. See Pop Top Corp. v. Rakuten Kobo Inc., No. 20-CV-04482-YGR (DMR), 2025 WL 2098597, at *3 (N.D. Cal. July 25, 2025).

In accordance with the above, IT IS ORDERED that plaintiff's motion for appointment of counsel (ECF No. 20) is DENIED without prejudice.

Dated: August 19, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, khan1522.aoc.ai