UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAQIBULLAH NADEEM MOHAMMADULLAH KHAN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | No. 2:25-cv-1522-DC-CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Naqibullah Nadeem Mohammadullah Khan proceeds without counsel and seeks relief under the Federal Tort Claims Act. This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Defendant's motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure is before the court. (ECF No. 23.) The court previously vacated the hearing set on this motion to accommodate the briefing schedule and now finds this matter suitable for decision without oral argument. See Local Rule 230(g). For the reasons set forth below, the court lacks subject matter jurisdiction over plaintiff's claim and the complaint should be dismissed without leave to amend.

**I.     Background**

Plaintiff paid the filing fee and filed the complaint on June 2, 2025. (ECF No. 1.) The court later permitted plaintiff to re-file the complaint with redactions of dates of birth and minor's names. (ECF No. 16.) Plaintiff filed the redacted complaint on July 24, 2025. (ECF No. 17.)

1

Under the complaint's allegations, plaintiff was a construction contractor on U.S.-funded infrastructure and renovation projects in Afghanistan. (ECF No. 17 at 8.) In early 2019, he applied for a Special Immigrant Visa ("SIV") for himself and his family. (Id.) Plaintiff appeared for two SIV interviews at the U.S. Embassy in Kabul, Afghanistan (the "Embassy"). (Id.) At the second interview, plaintiff and his wife were treated disrespectfully and subjected to inappropriate and culturally insensitive questioning. (Id. at 10.)

Also at the second interview, plaintiff complied with requests to provide contact information for friends and family members, "while explicitly requesting that this information remain confidential due to past threats and the worsening security environment in Afghanistan." (ECF No. 17 at 8.) However, embassy personnel called individuals on the contact list and disclosed plaintiff's immigration status, which led to dangerous rumors that plaintiff was a spy, community hostility, and safety risks to his family. (Id. at 9.)

Although plaintiff complied fully with all requirements, he received formal notice that his SIV application was denied on June 6, 2021. (ECF No. 17 at 11.) The U.S. Embassy Consular Office explained via email to plaintiff's counsel at the time "[t]he investigation revealed that the applicant continues to practice a 'married relationship' with his first wife. As it relates to polygamy, this is defined under U.S. immigration law as 'visiting the spouse, providing financial support, or keeping in phone contact.'" (Id.) Plaintiff alleges immigration laws were misapplied by incorrectly equating legitimate parental duties with an intent to practice polygamy. (Id. at 11-12.)

The Afghan government collapsed on August 15, 2021, after which plaintiff and his family were excluded from official U.S. evacuation flights. (ECF No. 17 at 11-13.) Plaintiff and his family relocated to Pakistan under temporary visa status and were granted SIVs in April 2024. (Id. at 14.) Through this suit, plaintiff seeks relief for harm suffered from the improper denial and mishandling of his SIV. (Id. at 16.)

The United States filed the motion to dismiss on August 8, 2025. (ECF No. 23.) The United States asserts a facial attack on subject matter jurisdiction arguing (1) the FTCA's waiver of sovereign immunity does not apply to claims arising in a foreign country; (2) the claim is

barred by the doctrine of consular nonreviewability; and (3) the FTCA's waiver of sovereign immunity does not apply where there is no private party analog. (ECF No. 23-1 at 4-7.) The United States also asserts the claim is untimely filed under the applicable two-year statute of limitations. (Id. at 8.) Plaintiff opposed the motion. (ECF No. 31.) The United States filed a reply. (ECF No. 32.)

## II. Subject Matter Jurisdiction

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983). Accordingly, for a court to have jurisdiction over an action against the United States, the United States must have expressly waived its right to sovereign immunity. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985).

"The FTCA waives sovereign immunity for claims against the federal government arising from torts committed by federal employees." Foster v. United States, 522 F.3d 1071, 1074 (9th Cir. 2008) (citing 28 U.S.C. § 1346(b)(1)). However, the FTCA's waiver of sovereign immunity does not apply to "[a]ny claim arising in a foreign country." 28 U.S.C. § 2680(k). The exception in § 2680(k) applies, for example, to injuries that occur on premises occupied by U.S. embassies and consulates. Meredith v. United States, 330 F.2d 9, 10 (9th Cir. 1964), cert. denied, 379 U.S. 867 (1964).

Plaintiff argues 28 U.S.C. § 2680(k) does not apply because his claim involves domestic conduct and domestic injury. (ECF No. 31 at 1-2.) The argument is unavailing. "[T]he FTCA's foreign country exception bars all claims based on any injury suffered in a foreign country, regardless of where the tortious act or omission occurred." Sosa v. Alvarez-Machain, 542 U.S. 692, 712 (2004). In this context, "an injury is suffered where the harm first "impinge[s]" upon the body[.]" S.H. by Holt v. United States, 853 F.3d 1056, 1058 (9th Cir. 2017). Plaintiff suffered the alleged injuries in Afghanistan. Accordingly, his claim or claims arose in a foreign country within the meaning of 28 U.S.C. § 2680(k).

Pursuant to 28 U.S.C. § 2680(k), the FTCA's waiver of sovereign immunity does not apply. Thus, the court lacks jurisdiction over plaintiff's claim. This jurisdictional defect cannot be

cured. Defendant's motion to dismiss should be granted and plaintiff's complaint should be dismissed without leave to amend.[1]

### III.     Recommendation

In accordance with the above, IT IS RECOMMENDED that defendant's motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure (ECF No. 23) be granted and plaintiff's complaint be dismissed without leave to amend for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  December 23, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, khan1522.mtd

---

[1] In the interests of judicial economy, the court need not address defendant's further arguments that the court also lacks subject matter jurisdiction because there is no private party analog for the FTCA claim, that the court also lacks subject matter jurisdiction based on the doctrine of consular nonreviewability, and that the claim is time-barred.