UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAQIBULLAH NADEEM MOHAMMADULLAH KHAN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | No. 2:25-cv-1522-DC-CKD (PS)<br><br><br>ORDER |

Plaintiff seeks relief under the Federal Tort Claims Act and brings claims related to and arising out of the denial of a Special Immigrant Visa for himself and his family. (ECF No. 17.) Plaintiff's further renewed motion to seal, or, in the alternative, to make further redactions[1] is before the court. (ECF No. 30.) For the reasons set forth below, the motion is granted in part as to the requested redactions.

On June 6, 2025, and on July 14, 2025, the undersigned denied plaintiff's motions to seal the complaint and attachments to the complaint. (ECF Nos. 10, 16.) Plaintiff filed a third motion to seal, which the undersigned also denied as to the complaint and attachments to the complaint. (ECF Nos. 18, 19.) Plaintiff has filed a fourth motion to seal, again requesting to seal the

---

[1] The undersigned previously permitted plaintiff to re-file the complaint with redactions of dates of birth and minor's names. (ECF No. 16.) Plaintiff filed the redacted complaint on July 24, 2025. (ECF No. 17.)

1

1  complaint, its supporting exhibits, and related motions in their entirety. In the alternative, plaintiff
2  seeks to make further redactions of his name (to be replaced with initials), his U.S. residential
3  address and contact number, email addresses, Afghan phone numbers, SIV case number, Afghan
4  government-issued identifiers, the names of his adult children, wife, family members in
5  Afghanistan, and all details of U.S. Government-funded projects. (ECF No. 30 at 1, 5.)

6      Plaintiff's concerns about the possibility of retaliation, previously threatened violence, and
7  loss of property are compelling interests. As discussed in the court's prior orders (see ECF Nos.
8  16, 19), however, plaintiff has not met the demanding standard to make a particularized showing
9  that specific prejudice or harm will result if the entire complaint, its attachments, and all related
10 motions are not sealed. See Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1182 (9th Cir.
11 2006). Like the previous motions, plaintiff's renewed motion to seal does not meet the
12 compelling reasons threshold to support secrecy. See Center for Auto Safety v. Chrysler Group,
13 LLC, 809 F.3d 1092, 1096 (9th Cir. 2016); Oregonian Publishing Co. v. U.S. District Court for
14 the District of Oregon, 920 F.2d 1462, 1466 (9th Cir. 1990).

15     However, plaintiff's alternate request to make further redactions to the complaint will be
16 granted in part. As to plaintiff's identity and his own identifying information, district courts have
17 broad discretion in determining whether parties may proceed anonymously. Does I thru XXIII v.
18 Advanced Textile Corp., 214 F.3d 1058, 1068-69 (9th Cir. 2000). The court considers the severity
19 of the threatened harm, the reasonableness of plaintiff's stated fears, and plaintiff's vulnerability
20 to retaliation, and balances those interests against the public's interest in requiring that litigants
21 reveal their identities. See id. Here, plaintiff initiated this case without any request to proceed
22 anonymously, and plaintiff does not at this time show a need to proceed anonymously.

23     However, redaction of plaintiff's U.S. residential address and contact number, email
24 addresses, Afghan phone numbers, SIV case number, and Afghan government-issued identifiers
25 from the complaint and its exhibits will not cause prejudice to defendants. This information does
26 not affect the resolution of any legal issues in this case, and public interest does not require or
27 favor disclosure. Accordingly, plaintiff may redact this information from the complaint and
28 attachments. For the same reasons, plaintiff may redact from the complaint and attachments the

1  names of his adult children, wife, and family members in Afghanistan, who are not parties to this
2  case. See, e.g., Compeer Fin. ACA v. Graham, No. 1:25-CV-00049-JLT-SKO, 2025 WL 268437,
3  at *2 (E.D. Cal. Jan. 22, 2025) (finding compelling reasons to redact the personally identifiable
4  information of third party individuals). In addition, for the same reasons, plaintiff may redact all
5  details of U.S. Government-funded projects as requested. That information does not affect the
6  resolution of any legal issues in this case. Redaction will not cause prejudice to defendants and
7  public interest does not require or favor disclosure.
8      If plaintiff properly re-files the further redacted complaint in compliance with this order,
9  then the undersigned will order the prior redacted complaint to be sealed.
10     For the reasons set forth above, IT IS ORDERED as follows:
11     1. Plaintiff's renewed motion to seal, or, in the alternative, to redact (ECF No. 30) is
12        GRANTED in PART, only to the extent that within 21 days of the date of this order,
13        plaintiff may optionally re-file the complaint and its supporting documents with
14        redactions or partial redactions made only as to the following: plaintiff's U.S.
15        residential address and contact number, email addresses, Afghan phone numbers, SIV
16        case number, Afghan government-issued identifiers, the names of his adult children,
17        wife, family members in Afghanistan, and all details of U.S. Government-funded
18        projects; no other changes may be made.
19     2. Otherwise, the renewed motion to seal, or, in the alternative, to redact is denied.
20 Dated: December 23, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

24 8, khan1522.seal.4

3