UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAQIBULLAH NADEEM MOHAMMADULLAH KHAN,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 2:25-cv-01522-DC-CKD<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 23, 33) |

Plaintiff Naqibullah Nadeem Mohammadullah Khan, who is proceeding *pro se*, brings this civil action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 2, 2025, Plaintiff filed a complaint against the United States raising a claim under the Federal Tort Claims Act ("FTCA").[1] On August 8, 2025, the United States filed a motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. (Doc. No. 23.) Therein, the

[1] On December 23, 2025, the assigned magistrate judge granted Plaintiff's request to file a version of his complaint that redacts his U.S. residential address, contact number, email addresses, Afghan phone numbers, special immigrant visa case number, Afghan government-issued identifiers, names of his adult children, wife, and family members in Afghanistan, who are not parties to this case, and all details of U.S. Government-funded projects. (Doc. Nos. 30; 34.) On January 8, 2026, Plaintiff filed a redacted version of his complaint. (Doc. No. 36.)

United States argued, among other reasons, that the court lacks subject matter jurisdiction over Plaintiff's FTCA claim because the United States has not waived sovereign immunity for FTCA claims arising in a foreign country. (Doc. No. 23-1 at 5.) After receiving an extension of time, on September 26, 2025, Plaintiff filed an opposition to the United States' motion to dismiss. (Doc. Nos. 27; 31.) On October 1, 2025, the United States filed a reply. (Doc. No. 32.)

On December 23, 2025, the assigned magistrate judge issued findings and recommendations recommending the United States' motion to dismiss be granted, and Plaintiff's complaint be dismissed without leave to amend for lack of subject matter jurisdiction. (Doc. No. 33.) Specifically, the magistrate judge found the court lacked subject matter jurisdiction because the United States has not waived sovereign immunity. (*Id*. at 3.) The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id*. at 4.)

On January 5, 2026, Plaintiff filed objections to the findings and recommendations. (Doc. No. 35.) Therein, Plaintiff acknowledges the court lacks subject matter jurisdiction over his FTCA claim. (*Id*. at 2.) However, Plaintiff asserts he should be permitted to amend his complaint because he can plead a claim under the Privacy Act of 1974 ("Privacy Act"). (*Id*. at 3–4.) On January 13, 2026, the United States filed a response to Plaintiff's objections. (Doc. No. 37.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by proper analysis. Although the magistrate judge concluded Plaintiff's complaint should be dismissed without leave to amend because the court lacked jurisdiction over his FTCA claim, the magistrate judge did not have the opportunity to consider Plaintiff's request to amend his complaint to assert a claim under the Privacy Act.

"The [c]ourt is under no obligation to consider new claims or arguments in an objection to a magistrate judge's findings and recommendations." *Pasquinzo v. Salmonsen*, No. 20-cv-00033-DLC-JTJ, 2022 WL 4592052, at *5 (D. Mont. Sep. 29, 2022); *see Whitfield v. Parmar*, No. 24-cv-00581-JLT-CDB, 2025 WL 341950, at *6 (E.D. Cal. Jan. 30, 2025) (finding plaintiff cannot

attempt to re-cast his allegations to state additional claims in his objections to the magistrate judge's findings and recommendations). However, given Plaintiff's request to amend (Doc. No. 35), his *pro se* status, and the court's obligation to construe *pro se* pleadings leniently, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1978), the court will allow Plaintiff to file an amended complaint raising a claim under the Privacy Act.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed on December 23, 2025 (Doc. No. 33) are ADOPTED with respect to granting the United States' motion to dismiss (Doc. No. 23) and dismissing Plaintiff's complaint (Doc. No. 1) for lack of subject matter jurisdiction;
2. Plaintiff's request to amend his complaint (Doc. No. 35) is GRANTED;
3. Within thirty (30) days from the date of service of this order, Plaintiff may file a first amended complaint raising a claim under the Privacy Act, or file a notice of voluntary dismissal; and
4. This case is referred back to the magistrate judge for further pretrial proceedings.

IT IS SO ORDERED.

Dated: **August 3, 2026**

Dena Coggins
United States District Judge